JAMES MICHAEL VICK V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-411-CR

JAMES MICHAEL VICK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant James Michael Vick of felony escape, and the trial court sentenced him to eighteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant brings one point on appeal, arguing that the trial court improperly admitted evidence of an extraneous possession offense at the punishment phase of the trial because the contraband was illegally seized.  Because we hold that the trial court did not abuse its discretion in admitting the evidence, we affirm the trial court’s judgment.

At the time of his escape, Appellant had been charged with the offense of manufacturing a controlled substance.  Appellant filed a motion to suppress in that case, arguing that the evidence of possession of drugs was illegally seized.  The trial court denied Appellant’s motion to suppress.  The jury in this case convicted Appellant of escape, and the State offered evidence of the drug offense during the punishment phase.

During the punishment phase, Deputy Thomas, a narcotics investigator,  testified that he and other officers had gone to Appellant’s house to investigate information received by the Hood County Sheriff’s office that Appellant was manufacturing methamphetamine at his house.  Thomas walked to the front door of Appellant’s house and could smell ether, which is used to make methamphetamine.  Thomas also noticed a plastic container under the carport consistent with equipment used in the manufacturing of methamphetamine.  Thomas told Appellant why they were there, and Appellant admitted to Thomas that he had made methamphetamine one time.  Thomas told Appellant that he was not under arrest at that time, but that a search warrant was on its way.

While waiting for the search warrant, Appellant asked to call his mother to come pick up his child and stated that if he were permitted to make the call, he would consent to the search of his house.  Thomas told Appellant that he  could make the call, but they would wait for the warrant before searching.  Appellant, Thomas, and the other officers went inside the house.  Thomas testified that while he was sitting on the couch, Appellant tossed him a plastic baggie containing a controlled substance that Appellant was supposed to deliver.  Appellant claimed that Thomas removed the baggie from Appellant’s pocket during a pat-down.  When the warrant finally arrived, Thomas and the other officers searched the house and seized various substances believed to be methamphetamine, as well as contraband consistent with the manufacture of methamphetamine.

Appellant argues that the trial court erred in admitting evidence of the drugs at punishment in the escape case because the evidence was illegally seized.  The appropriate standard for reviewing a trial court’s ruling on a motion to suppress evidence is a bifurcated standard of review, giving almost total deference to the trial court’s determination of historical facts and reviewing de novo the court’s application of the law to those facts.
(footnote: 2)  If the trial court did not make explicit findings of historical facts, the appellate court reviews the evidence in a light most favorable to the trial court’s ruling, making the assumption that the trial court made explicit findings of fact, supported in the record, that buttressed its conclusion.
(footnote: 3)
 Appellant contends that the search and his arrest in the drug offense  were warrantless.  The evidence shows, however, that the search of the house and Appellant’s arrest were effected pursuant to a warrant.  Before the arrival of the warrant, and before the arrest and search, Appellant and the premises were secured to prevent the destruction of evidence.  The United States Supreme Court has held that “securing a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents.”
(footnote: 4)  Additionally, we note that the officers discovered the methamphetamine in Appellant’s pocket either when he tossed it to them or as a result of a pat-down search.  An officer has a right to pat down a defendant for the officer’s safety.
(footnote: 5)  Consequently, in either event, the drugs were not illegally seized.

Because the methamphetamine taken from Appellant’s pocket was lawfully seized, and because the search of the residence was conducted pursuant to a search warrant, we hold that the trial court did not err in failing to suppress the evidence in question.  Appellant does not raise any other grounds in arguing the inadmissibility of the evidence.  We therefore hold that the trial court did not abuse its discretion in admitting the evidence at the punishment phase of the case before us.  We overrule Appellant’s sole point on appeal and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

3:
Carmouche
, 10 S.W.3d at 328.

4:
Segura v. United States
, 468 U.S. 796, 810, 104 S. Ct. 3380, 3388  (1984).

5:
Terry v. Ohio
, 392 U.S. 1, 23, 88 S. Ct. 1868, 1881 (1968).